IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   **Case No. 03-40010-01**
                                                **11-4009-RDR**

MARK HUGGINS,

        Defendant.

---

**MEMORANDUM AND ORDER**

This case is before the court upon defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. Defendant pleaded guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant was sentenced to a term of 15 years, which was the mandatory minimum sentence. The court determined that defendant had three prior violent felonies and therefore applied the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Under this section, a person convicted of violating § 922(g) who has three previous convictions for a violent felony shall be sentenced to not less than fifteen years. Defendant's sentence was affirmed on appeal.

Defendant's three prior violent felonies were second degree murder, robbery, and attempted battery against a correctional officer. Defendant's § 2255 motion contends on the basis of a recent Supreme Court case, Johnson v. United States, 130 S.Ct. 1265 (2010), that his conviction for attempted battery against a

correctional officer should not have been counted as a "violent felony" for the purposes of § 924(e).

A "violent felony" under § 924(e)(2)(B):

means any crime punishable by imprisonment for a term exceeding one year, . . . that - -

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

The <u>Johnson</u> case involved the question of whether a Florida conviction for battery qualified as a "violent felony" under paragraph (i) of § 924(e)(2)(B). The Supreme Court held that the conviction did not qualify as a "violent felony" under paragraph (i) because the "physical force" element required by paragraph (i) was not contained in the Florida statute of conviction. The government argues in the case at bar that, regardless of the holding in <u>Johnson</u>, defendant's prior conviction for attempted battery against a correctional officer is a conviction which "involves conduct that presents a serious potential risk of physical injury to another" and thus qualifies as a "violent felony" under the so-called "residual clause" of paragraph (ii) of § 924(e)(2)(B).

Under <u>Begay v. United States</u>, 553 U.S. 137, 143 (2008), for a conviction to qualify as a "violent felony" under ACCA's residual

2

clause, the offense must both: 1) pose a degree of risk that is similar to the degree of risk posed by the enumerated offenses of burglary, arson, extortion and offenses involving the use of explosives; and 2) be roughly similar in kind to the enumerated crimes.

"A modified categorical approach applies when a statute is 'divisible' - that is, when it creates more than one crime or one crime with multiple enumerated modes of commission, some of which may be crimes of violence and some not." U.S. v. McDonald, 592 F.3d 808, 810 (7th Cir. 2010). This approach permits "a court to determine which statutory phrase was the basis for the conviction by consulting the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Johnson, 130 S.Ct. at 1273.

A categorical approach applies to determining whether a crime qualifies as a violent felony under the residual clause. Begay, 553 U.S. at 141. "[W]e consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id.

"[T]o qualify as a violent felony under the residual clause, every conceivable offense need not present a serious potential risk of physical injury; instead, the conduct encompassed by the

offense, in the ordinary case, must create a serious risk of physical injury to another." U.S. v. Scoville, 561 F.3d 1174, 1180 (10th Cir.) cert. denied, 130 S.Ct. 217 (2009) (emphasis in the original). "'[T]he residual clause is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts.'" Id., quoting U.S. v. Williams, 559 F.3d 1143, 1148 (10th Cir. 2009).

Both sides in this matter agree that defendant pleaded guilty to the charge of attempted battery against a correctional officer in violation of K.S.A. 21-3413 (defining battery against a law enforcement officer) and K.S.A. 21-3301 (defining attempt). Under K.S.A. 21-3301(a), "[a]n attempt is any overt act toward the perpetration of crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." Under K.S.A. 21-3413(a)(3), it is a crime to commit a battery, as defined in K.S.A. 21-3412, "against a correctional officer or employee by a person in custody of the secretary of corrections, while such officer or employee is engaged in the performance of such officer's or employee's duty."

"Battery," as defined in K.S.A. 21-3412, is:

(a) Intentionally or recklessly causing bodily harm to another person; or
(b) intentionally causing physical contact with another person when done in a rude, insulting or angry manner.

As already noted, the Kansas statute defining battery is incorporated by the statute outlawing battery upon a correctional

4

officer.  The statute provides two different means of committing battery.  Therefore, the court should apply the modified categorical approach to decide which type of battery defendant was convicted of committing.  The government has referred the court to a complaint which charged that defendant "unlawfully, willfully and intentionally caused physical contact to the person of another, to-wit:  CSI John Cucco, a uniformed and properly identified correctional officer; in a rude, insolent or angry manner and while such officer was engaged in the performance of his duty, contrary to K.S.A. 21-2413 . . ." Doc. No. 47, Attachment A.  A transcript of the guilty plea hearing shows that as the factual basis for the guilty plea, the prosecution proffered that it would show that defendant "did attempt to unlawfully cause physical contact to the person of John Cuoco, a uniformed and properly identified correctional officer and in a rude, insolent and angry manner and while such officer was engaged in the performance of his duties."[1]  Doc. No. 49, p. 5.  From this material, the court concludes that defendant was convicted of attempting to commit battery upon a correctional officer by "intentionally causing physical contact" with the officer "in a rude, insulting or angry manner," in violation of K.S.A. 21-3412(b) as incorporated in K.S.A. 21-3413.

The question before the court is whether defendant's

---

[1] The victim's name is spelled differently in the complaint and in the transcript of the guilty plea.

5

conviction for attempted battery upon a correctional officer is "roughly similar in kind as well as in degree of risk posed," to the specifically enumerated offenses in § 924(e)(2)(B)(ii) - - burglary, arson, extortion and crimes that involve the use of explosives. Begay, 553 U.S. at 143.

The court finds that the crime of attempted battery upon a correctional officer is similar <u>in kind</u> to the specifically enumerated offenses of burglary, arson, extortion or crimes involving explosives. Attempted battery upon a correctional officer is similar in kind to those offenses if it typically involves purposeful, violent and aggressive conduct. U.S. v. Zuniga, 553 F.3d 1330, 1334 (10th Cir.) cert. denied, 130 S.Ct. 62 (2009). The crime requires intentional conduct according to K.S.A. 21-3412(b). Furthermore, it requires an awareness that the victim is a correctional officer engaged in the course of his duties. K.S.A. 21-3413(a)(3). These elements demonstrate that attempted battery upon a correctional officer requires purposeful conduct. See U.S. v. Dancy, 2011 WL 1418854 at *12 (1st Cir. 2011) (discussing assault and battery upon a police officer); Zuniga, 553 F.3d at 1334-35 (discussing possession of a deadly weapon in a penal institution); see also U.S. v. Almenas, 553 F.3d 27, 34 (1st Cir.) cert. denied, 129 S.Ct. 2415 (2009) (resisting arrest under Massachusetts law is a crime of violence under the comparable provisions of U.S.S.G. § 4B1.2). The court further finds that

attempting to cause physical contact with a correctional officer in a prison in a rude, insulting or angry manner is properly characterized as "violent" and "aggressive." It is the type of conduct which is likely to initiate a hostile or violent reaction from the correctional officer and therefore should be considered roughly similar in kind to the enumerated offenses in the ACCA, §924(e)(2)(B)(ii). See <u>Zuniga</u>, 553 F.3d at 1335-36 (possession of a deadly weapon inside a prison is a violent and aggressive act); <u>U.S. v. West</u>, 550 F.3d 952, 969 (10th Cir. 2008) (failure to stop at an officer's command involves violent and aggressive conduct); see also, <u>Almenas</u>, 553 F.3d at 34-5 (stiffening arms to avoid being handcuffed and other common forms of resistance to arrest create a substantial risk of bodily injury).

To determine similarity <u>in degree of risk</u> the court is required to decide whether "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." <u>James v. U.S.</u>, 550 U.S. 192, 208 (2007). The potential risk of injury may arise directly from the conduct which satisfies the specific elements of the crime or from offense conduct which creates a significant risk of a confrontation that might result in bodily injury. As the Court noted in <u>James</u>: "the most relevant common attribute of the enumerated offenses of burglary, arson, extortion, and explosives use . . . is that all these offenses . . . create significant risks of bodily injury or

confrontation that might result in bodily injury." 550 U.S. at 199.

In U.S. v. Williams, 559 F.3d 1143, 1149 (10th Cir. 2009), the court held that the crime of battery of an armed on-duty police officer risks "a serious escalation in violence." A similar holding was made in Dancy, 2011 WL 1418854 at * 12. The court believes that in a prison setting - - the ordinary context for the crime in question - - an attempted battery, which is in essence an assault, upon a correctional officer performing his duty is a crime which creates a significant risk of bodily injury or a confrontation that might result in bodily injury. An attempt to cause physical contact with a correctional officer in a rude, insulting or angry manner is an action likely to provoke a forceful response intended to gain control of the matter decisively. Therefore, the court finds that defendant's prior conviction for attempted battery upon a correctional officer was a crime within a category which poses a serious potential risk of physical injury to another.

In conclusion, for the above-stated reasons, the court agrees with the government that defendant's conviction for attempted battery upon a correctional officer qualifies as a "violent felony" under the provisions of the residual clause of § 924(e)(2)(B)(ii). Therefore, defendant is not entitled to relief from the mandatory minimum sentence which was applied in this case. Defendant's

motion pursuant to § 2255 shall be denied.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2011 at Topeka, Kansas.

                                                  s/Richard D. Rogers
                                                  United States District Judge